## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**PUERTO RICO LAND & FRUIT, S.E.**,
     Plaintiff,

     v.                                  Civil No. 09-2280 (ADC/BJM)

**MUNICIPIO DE CULEBRA**, *et al.*
     Defendants.

### REPORT AND RECOMMENDATION

CORALations, Inc., ("Coralations") seeks to unseal a settlement agreement between Plaintiff Puerto Rico Land & Fruit ("PRLF") and Defendants Municipality of Culebra ("the Municipality") and Culebra Conservation and Development Authority ("ACDEC"). The court approved the settlement and dismissal of Defendants on July 12, 2012. Dkt. 182. The court dismissed the case with prejudice in September 2013, retaining jurisdiction for the purposes of enforcing the settlement agreements. Dkt. 275. Coralations moved to intervene for the limited purpose of unsealing a settlement agreement, and I prepared a report and recommendation to grant the motion, which the court adopted. Dkt. 375. The order adopting my recommendation gave Coralations thirty days from the date of the order, January 30, 2019, to file its motion to unseal the settlement agreement. *See* Dkt. 375. On May 3, 2019, sixty-two days late, Coralations filed its motion to unseal the settlement agreement. Dkt. 381. PRLF and ACDEC did not reply, which waives their objection to Coralation's motion. D.P.R. Civ. R. 7(b).

For the reasons set forth below, Coralations's motion to unseal should be **GRANTED**.

### BACKGROUND

PRLF is a special partnership, the principal partner of which is Victor González Barahona. In late 2009, PRLF sued a number of defendants, including the Municipality of Culebra and ACDEC, seeking injunctive relief and damages for alleged civil rights

violations under 42 U.S.C. § 1983 and illegal seizure of property under the Fourth, Fifth, and Fourteenth Amendments of the Constitution. Dkt. 55-2. That property abuts Flamenco Lagoon and Flamenco Beach—public land. Litigation was fierce and protracted. PRLF reached a settlement with the Municipality of Culebra and ACDEC on June 6, 2012. Dkt. 182. The court dismissed the case with prejudice as to those defendants on July 12, 2012. That settlement is sealed to all non-parties.

Coralations is a nonprofit corporation with its principal place of business in Culebra, an island off the coast of Puerto Rico. Its ecological mission is broad in scope; the nonprofit defends the coastal habitat, battles social injustice experienced by coastal communities, and lobbies for Marine Protected Area designation and other eco-friendly water and fishing policies in the United States territorial waters of the Caribbean Sea. Dkt. 349 at 1. The "muellecito" area of Flamenco Beach "is of particular concern" to Coralations because it has conducted youth education programs there since 2004. Dkt. 349 at 3.

## DISCUSSION

The First Amendment and the common law presumption of public access are two methods by which parties may gain access to judicial records. *See* Dkt. 375. To determine whether this should be done, courts employ a two-step process. The first step is to determine whether the document in question is one "on which a court relies in determining the litigant's substantive rights." *See Anderson v. Cyovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986). Second, the court balances whether the public's right of access is outweighed by the parties' right[1] to keep the document confidential. *See Fed. Trade Comm'n v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987). I determined that this settlement qualified as a document that "determines the parties' substantive rights." *Puerto Rico Land & Fruit v. Municipio de Culebra*, No. 09–2280, Docket No. 366 (D.P.R. Oct. 24, 2018), *adopted by*

---

[1] When applicable, third party rights are also considered.

*Puerto Rico Land & Fruit v. Municipio de Culebra*, 2019 WL 460303 (D.P.R. Feb. 5, 2019). All that remains to decide is whether on balance, the public's interest in unsealing the document outweighs that of the other parties.

The common-law presumption of public access to judicial records is "well established." *Dahl v. Bain Capital Partners, LLC*, 891 F. Supp. 2d 221, 224 (D. Mass. 2012) (citing *Standard*, 830 F.2d at 408). This presumption serves the "essential function of monitoring the judiciary," fostering the "'important values of quality, honesty, and respect for our legal system.'" *Id.* (quoting *Siedle v. Putnam Inv., Inc.*, 147 F.3d 7, 9–10 (1st Cir. 1998)). While the right to access is not "unfettered," it is limited by only the most compelling reasons. *See Dahl*, 891 F. Supp. 2d at 224. Concern for the publication of merely embarrassing information contained in a settlement agreement is insufficient to overcome the common-law presumption, for example. *Siedle*, 147 F.3d at 10. A court must balance the private interest in confidentiality against the public right to access "in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). The burden of persuasion lies with the party or parties seeking to keep a judicial record sealed. *See Dahl*, 891 F. Supp. 2d at 224.

The parties with the burden here, PRLF, the Municipality, and ACDEC, have not alleged their reason for confidentiality in the docket, in the settlement agreement, or in oppositions to Coralations's Motion to Unseal Settlement Agreement (Dkt. 366). In other cases, when parties have failed to adequately articulate their interest in sealing a judicial document, they are afforded more time to do so. *See, e.g.*, *Dahl v. Bain Capital Partners, LLC*, 891 F. Supp. 2d 221, 225–226 (D. Mass. 2012) (allowing twenty-one days for an "opportunity to demonstrate with greater particularity how [defendants'] asserted interest

may overcome the presumption of public access"); *Lowney v. Harmon Law Offices, P.C.*, Civil No. 17–11543, 2018 WL 897893, at *2 (D. Mass. Jan. 3, 2018) (finding that "plaintiff may renew his request for impoundment in a motion that clearly and succinctly states why [supplemental material] . . . needs to be filed under seal"). On the other hand, some courts have simply recommended denying motions to seal for the parties' failure to convince the court why a private interest outweighs the presumption of public access. *See Wrobel v. Maughan*, Civil No. 12–379, 2012 WL 5948530, at *1 (D.N.H. Nov. 9, 2012).

The decision to unseal is within the discretion of the trial court "to be exercised in light of the relevant facts and circumstances of the particular case." *Warner Commc'ns*, 435 U.S. at 599. There are compelling reasons to unseal the settlement agreement in this case, so it should be opened to the public. *See* Dkt. 381.

To begin, Coralations contends that this is the only way for the public to fully monitor its public resources—namely its beaches. *Id.* at 2. Coralations alleges that the Municipality gave evasive responses to questions relating to construction impacting Flamenco Bay at a town hall meeting, which it believes was related to this settlement agreement. Dkt. 381 at 4.

Regardless of whether Coralation's suspicions are valid, this settlement agreement represents an agreement between public entities and a private party relating to public land. *Erie County v. New York*, 763 F.3d 235 (2d Cir. 2014) involved unsealing reports prepared for a settlement agreement between two public entities regarding the constitutional rights of inmates in an Erie County correctional facility. The court there found that, where a public agency sued a public government in a public court regarding public institutions, "[n]either experience nor logic supports sealing the documents. *Id.* at 241. Where the public interest

in judicial processes "directly relates" to how government functions, access allows the public to decide whether the parties and the court itself are fulfilling their responsibilities under the law and the settlement agreement. *Id*. at 242–43. Public access also reminds judges, governments, and agencies that their most important constituency, the sovereign citizenry is watching. *Id*. While PRLF is a private company, the public right of access encompasses it as well. *See* Dkt. 366. Moreover, PRLF's property lies adjacent to public lands, and it has been actively embroiled in a dispute over these lands with two public organizations since 2009. No party in this case should be surprised by the breadth and depth of public interest.

Against these compelling reasons to unseal, the other parties have not offered any reason for confidentiality in the docket, in the settlement agreement, or in an answer to Coralations's Motion to Unseal Settlement Agreement (Dkt. 366). An agreement by the existing parties is not itself a sufficient basis to violate the public's right to public access. *See Hens v. Clientlogic Operating Corp.*, Civil No. 05–381S, 2010 WL 4340919, at *3 (W.D.N.Y. Nov. 2, 2010).

The circumstances in this case dictate unsealing the settlement agreement. This is an active docket, and while Coralations filed late, the other parties have presumably been aware of this filing since May 3, 2019. Moreover, the local rules of this court dictate waving their objection. *See* D.P.R. Civ. R. 7(b) ("Unless within . . . 14 days after the service of a motion the opposing party files a written objection to the motion, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection"). The other parties to this case have not provided a response. Given they have the burden of

persuasion, and given Coralations' compelling reasons to unseal the settlement agreement, it should be opened to public.

## CONCLUSION

For the foregoing reasons, the motion to unseal the settlement agreement should be **GRANTED.**

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within fourteen days** of its receipt. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas* v. *Arn*, 474 U.S. 140, 155 (1985); *Davet* v. *Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co.* v. *Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988); *Borden* v. *Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 23rd day of July, 2019.

*S/ Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge